c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BARBARA WHITE, Plaintiff | CIVIL ACTION NO. 1:21-CV-04075 |
| VERSUS | JUDGE JOSEPH |
| LANCER INSURANCE CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is an unopposed Motion to Remand (ECF No. 21) filed by Plaintiff Barbara White ("White"). White seeks remand on the basis that diversity jurisdiction no longer exists. ECF No. 21 at 3.

Because this action lacks diversity of citizenship, White's Motion to Remand (Doc. 21) should be GRANTED.

I. Background

White filed a Petition for Damages in the Seventh Judicial District Court, Concordia Parish, Louisiana, against Defendants Lancer Insurance Company ("Lancer"), SELC Transport, LLC ("SELC"), and Christopher Gibson ("Gibson") (collectively, "Defendants"). ECF No. 1-2.

White alleges she was the passenger in a 2005 Mazda Tribute, owned and driven by Ellest Green ("Green"). *Id.* at 2-3. Gibson was driving a 2011 International Tractor owned by SELC. *Id.* at 3. On August 17, 2020, while traveling westbound on U.S. Highway 84, Gibson collided into the rear of Green's vehicle, causing damages

1

and personal injury to White. *Id.* White claims injuries to her neck, back, head, knee, wrist, and general soreness to her body. *Id.* at 4.

White asserts Gibson was in the course and scope of employment with SELC and that both Gibson and SELC are liable for Gibson's negligence. *Id.* She asserts Lancer is liable for any and all damages, as the liability insurance carrier insuring SELC Transport and Gibson at the time of the accident. *Id.*

Defendants answered in state court on October 28, 2021. ECF No. 1-10. On November 29, 2021, after receiving "other paper" in which White admitted her claim exceeded $75,000, Defendants timely removed, asserting diversity jurisdiction. ECF No. 1.

On February 25, 2022, White filed an unopposed Supplemental and Amending Complaint (ECF No. 15), adding Defendants Green and Safeway Insurance Company ("Safeway"). White adds a claim of negligence against Green as the driver of the vehicle in which she was a passernger, and against Safeway as his insurer. ECF No. 15 at 5-7.

White now files this unopposed Motion to Remand (ECF No. 21), based on lack of diversity of citizenship. ECF No. 21 at 3.

II. <u>Law and Analysis</u>

    A. <u>Remand is required where a court lacks subject matter jurisdiction.</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal,

based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." *Id.* Here, it is undisputed that complete diversity of citizenship is lacking after the joinder of new defendants.

B. <u>The Court lacks diversity jurisdiction.</u>

At the time of removal, the original parties were diverse.[1] ECF No. 1. However, White filed a consent amendment joining non-diverse parties Green and Safeway. ECF No. 15. It is undisputed that Green and Safeway are both citizens of Louisiana. ECF No. 15 at 2.

The Fifth Circuit has explained that "most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction *but addition of a non-diverse defendant will* . . . ." *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 477 (5th Cir. 2001) (emphasis in original); *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1181 (5th Cir. 1987);

---

[1] White is a citizen of Louisiana. ECF No. 1 at 2. Lancer is a citizen of Delaware and Illinois. *Id.* SELC and Gibson are both citizens of Mississippi. *Id.*

*McCright v. Smith & Nephew, Inc.*, 2016 WL 3556951, at *5 (W.D. La. May 9, 2016), *report and recommendation adopted*, 2016 WL 3562129 (W.D. La. June 24, 2016).

Absent complete diversity among the parties, this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(2). As this action now lacks complete diversity of citizenship, the Court finds no subject matter jurisdiction. Remand is warranted.

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that White's Motion to Remand (Doc. 21) be GRANTED for lack of diversity jurisdiction, and that this case be REMANDED to the Seventh Judicial District Court for the Parish of Concordia, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 16th day of June 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE